UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN SCHMIDT,

                Plaintiff,

vs.                                            5:09-CV-1094
                                                       (NPM/GHL)
MICHAEL J. ASTRUE,
*Commissioner of Social Security*,

                Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

OLINSKY & SHURTLIFF                     JAYA SHURTLIFF, ESQ.
*Counsel for Plaintiff*
300 South State Street, Suite 520
Syracuse, NY 13202-2060

SOCIAL SECURITY ADMINISTRATION     SIXTINA FERNANDEZ, ESQ.
Office of the Regional General Counsel      Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

**I.    BACKGROUND**

    **A.    Procedural History**

On July 26, 2006, Plaintiff Brian Schmidt protectively applied for disability insurance benefits ("DIB"). Administrative Transcript ("T") 16, 38-42. On September 22, 2008, a hearing was held before an Administrative Law Judge ("ALJ"). T 188-212. On November 12, 2008, the ALJ determined that Plaintiff was not disabled. T 13-16.

Plaintiff appealed to the Appeals Council. T 33. On September 2, 2009, the Appeals

---

[1] This matter was referred to me for report and recommendation by the Honorable Neal P. McCurn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T 5-8. Plaintiff commenced this action on September 29, 2009. Dkt. No. 1.

### B. The Contentions

Plaintiff makes the following claims:

1. The RFC determination fails to comply with the appropriate legal standards because it (1) contains no function-by-function analysis and (2) is not supported by substantial evidence because the ALJ failed to meet his duty to develop the record. Dkt. No. 9 at 16-20.

2. The ALJ failed to apply the appropriate legal factors in evaluating Plaintiff's credibility and the assessment is not supported by substantial evidence due to his reliance on misstatements of testimony. Dkt. No. 9 at 20-22.

3. The Commissioner did not meet his burden at step 5 to show that other jobs existed that Plaintiff could perform. Dkt. No. 9 at 22-24.

Defendant disagrees, and argues that the decision should be affirmed. Dkt. No. 10.

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

2

>   exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

>   At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the

national economy. *Id.*

  **B. Scope of Review**

  In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

  A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains

substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

### III.   THE PLAINTIFF

Plaintiff, who was forty-eight years old at the time of the hearing, obtained his general equivalency diploma. T 191-92. Plaintiff is married. T 193. He lives with his wife and son. T 48.

Plaintiff last worked as a grocery clerk. T 59. He previously worked as a machine operator, tire specialist, furniture deliverer, and mattress factory worker. *Id.*

Plaintiff alleges disability due to a "[h]erniated disc [in his] neck, rotator cuff, [and left] shoulder." T 72. He stopped working on May 15, 2001, because of his "physical condition." Id.

### IV.   THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since the alleged onset date. T 18.

2. Plaintiff's "status post cervical spine surgery for herniated disc, history of torn rotator cuff of the left shoulder and history of degenerative disc disease of the lower back" were severe impairments. T 18-19.

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T 19.

4. Plaintiff had the RFC to perform light work except that Plaintiff is precluded from pushing and pulling with his left upper extremity. T 19-21. Plaintiff was unable to perform any past relevant work. T 21.

5. Considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Thus, Plaintiff was not disabled. T 22.

### V.   DISCUSSION

#### A.   RFC

5

Plaintiff alleges that the RFC determination does not comply with the appropriate legal standards because it (1) contains no function-by-function findings of limitations and (2) is not supported by substantial evidence because the ALJ failed to meet his duty to develop the record. Dkt. No. 9 at 16-20. Defendant argues that the RFC determination is based on substantial evidence. Dkt. No. 10 at 7-14.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing despite his or her impairments. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomatology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *Id.; Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)(Hurd, J.).

To properly ascertain a claimant's RFC, an ALJ must assess a claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. § 404.1569a. Non-exertional limitations or impairments, including impairments that result in postural and manipulative limitations, must also be considered. 20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions that the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *Martone*, 70 F. Supp. 2d at 150. Further, "(t)he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A.). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150.

6

Here, the ALJ found that Plaintiff had the RFC to perform light work except that Plaintiff is precluded from pushing and pulling with his left upper extremity. T 19-21. In making this determination, the ALJ erred in the following regards.

### 1.     Function-by-Function Assessment

First, as Plaintiff argues, Dkt. No. 9 at 16-20, I find that the ALJ failed to identify Plaintiff's functional limitations or restrictions "on a function-by-function basis" before expressing the RFC finding. An RFC assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945."[2] SSR 96-8p, 1996 WL 374184, at *1; *see McEaney v. Comm'r of Soc. Sec.*, 536 F. Supp. 2d 252, 258 (N.D.N.Y. 2008) (Hurd, J.) (finding that ALJ erred by failing to provide a function-by-function assessment of the plaintiff's capacities); *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 208 (W.D.N.Y. 2005) (finding that RFC determination is not supported by substantial evidence where ALJ failed to provide function-by-function analysis of the plaintiff's RFC). Moreover, "[e]ach function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours")." SSR 96-8p, 1996 WL 374184, at *5; *see Matejka*, 386 F. Supp. 2d at 208 (noting that ALJ erred by

---

[2] The functions in paragraph (b) of sections 404.1545 and 416.945 include "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching) . . . ." 20 C.F.R. §§ 404.1545(b), 416.945(b). The functions in paragraph (c) of sections 404.1545 and 416.945 include "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting . . . ." 20 C.F.R. §§ 404.1545(c), 416.945(c). The functions in paragraph (d) of sections 404.1545 and 416.945 include "[s]ome medically determinable impairment(s), such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions . . . ." 20 C.F.R. §§ 404.1545(d), 416.945(d).

failing to address the plaintiff's abilities to sit, stand, or walk). Only then may RFC be expressed in terms of the exertional levels of work: sedentary, light, medium, heavy, and very heavy. SSR 96-8p, 1996 WL 374184 at *1.

Here, the ALJ summarily stated that Plaintiff was capable of performing light work except that Plaintiff was precluded from pushing and pulling with his left upper extremity. T 19-21. This finding was made without a meaningful assessment of Plaintiff's work-related abilities on a function-by-function basis. Instead, the ALJ simply stated Plaintiff's RFC, referred to Plaintiff's credibility, and reviewed a limited amount of evidence. *Id.* Thus, the ALJ failed to identify any functional limitations or restrictions.[3] Accordingly, the matter in this regard should be remanded.

### 2. Duty to Develop Record

Second, as Plaintiff argues, Dkt. No. 9 at 18-20, the ALJ should have developed the record by making a reasonable effort to obtain an RFC assessment from a treating source.

An ALJ, unlike a trial judge, must affirmatively develop the record in light of the "essentially non-adversarial nature of a benefits proceeding," even if the claimant is represented by counsel. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) and *Echevarria v. Secretary of Health and Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). The duty of an ALJ to develop the record is "particularly important" when obtaining information from a claimant's treating physician due to the "treating physician" provisions in the regulations. *Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002). The regulations thus provide that, "[w]hen the evidence we receive from your treating physician . . . is inadequate for us

---

[3] Also, as argued by Plaintiff, Dkt. No. 9 at 19-20, the ALJ failed to explicitly address whether Plaintiff had the capacity to work on a regular and continuing basis.

8

to determine whether you are disabled, . . . [w]e will first recontact your treating physician . . . to determine whether the additional information we need is readily available." 20 C.F.R. §§ 404.1512(e), 416.912(e).  Moreover, "[t]here is ample case law suggesting that an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician in order to afford the claimant a full and fair hearing." *Devora*, 205 F. Supp. 2d at 174 (collecting cases).

Here, the record contains no functional assessments from a treating source, which the Court views as a gap in the record.  Defendant argues that there is no gap in the record because, *inter alia*, the regulations provide that the lack of a medical opinion in the record about what an individual can still do, despite his impairments, will not make the record incomplete.  Dkt. No. 10 at 10-11 (citing 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6)).  However, the complete text of the regulation is as follows: "Although *we will request a medical source statement about what you can still do despite your impairment(s)*, the lack of the medical source statement will not make the report incomplete." 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6) (emphasis added).  Therefore, this regulation makes clear that the Administration will request a medical source statement.

Defendant further argues that there is no medical evidence that contradicts the RFC determination.  Dkt. No. 10 at 11.  However, the record clearly includes contradictory evidence, such as an opinion from consultative examiner Justine Magurno, M.D., that Plaintiff suffered from "marked limitations for climbing stairs, bending, lifting, carrying and walking" and "moderate limitations for sitting and standing, reach, pushing and pulling with the left arm." T 146-149.

In light of the foregoing, I find that the ALJ was duty-bound to develop the record by contacting Plaintiff's treating sources, particularly in light of the fact that there were no detailed

9

functional assessments in the record from any treating source. *See* 20 C.F.R. § 404.1512(e)(1) ("We may . . . request[] . . . a more detailed report from your medical source, including your treating source."). An opinion from a treating physician is of particular import since his or her opinion is entitled to controlling weight as long as it is well supported and consistent with other substantial evidence. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ failed to fulfill this duty by making no such contact. Accordingly, this matter should be remanded in order for the ALJ to contact the treating physicians for more detailed opinions.

### 3. Credibility

Third, as argued by Plaintiff, Dkt. No. 9 at 20-22, the ALJ failed to properly assess Plaintiff's credibility.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's

symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

Here, the ALJ's assessment of Plaintiff's credibility is unclear. The ALJ appears to find Plaintiff credible only to the extent that his allegations supported the RFC determination. T 20 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment."). However, under the regulations, the ALJ must consider Plaintiff's symptoms "and the extent to which his symptoms [could] reasonably be accepted as *consistent with the objective medical evidence and other evidence*." 20 C.F.R. § 404.1529(a) (emphasis added). Therefore, the propriety of the ALJ's finding that Plaintiff was credible only to the extent that his statements were consistent with his own RFC determination is questionable.

In any event, the ALJ failed to indicate the weight he gave to Plaintiff's statements. As

11

noted, he vaguely stated that Plaintiff was credible to the extent that her allegations were consistent with the RFC determination, and that her testimony was not completely credible. T 20. An ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Here, the ALJ's decision is not sufficiently specific to make clear to this Court what weight the ALJ gave to Plaintiff's statements.

Moreover, the ALJ failed to discuss all of the required factors set forth in the regulations. Instead he simply pointed out the following: Plaintiff testified that he is able to drive a car and pays attention while doing so, Plaintiff does some light housework, and Plaintiff's only pain medication is Tylenol. T 20. Plaintiff points out that to the extent that the ALJ engaged in a credibility analysis, the ALJ misstated Plaintiff's testimony. Dkt. No. 9 at 22. For instance, regarding Plaintiff's ability to drive, the ALJ simply stated that Plaintiff is able to drive a car and pays attention while driving. T 20. Plaintiff's actual testimony was as follows: "When I drive it takes my mind some kind of [sic] off from my - - the pains that I have and I can pull over, if need be, and have my wife drive if it really, really tends to be terrible or I'd have to stop and wait for the pain to subside and continue on." T 201. Plaintiff also stated that he can drive "[m]aybe 20 minutes to 30 minutes . . . before I actually have to start . . . to pull over to get the feeling back again [in his hands or legs]." T 206.

In light of the foregoing, the Court is unable to find that the ALJ properly evaluated Plaintiff's credibility. Therefore, the matter should be remanded in order for the ALJ to properly analyze Plaintiff's credibility.

B.	**Medical-Vocational Guidelines**

Plaintiff argues that the ALJ erred when he failed to consult a vocational expert. Dkt. No. 9 at 22-23. Defendant argues that the ALJ made no such error in this regard. Dkt. No. 10 at 14-15.

Because the Court is recommending remand for several reasons, the Court recommends remand on this issue as well. Upon remand, the ALJ shall obtain the opinion of a vocational expert if Plaintiff's nonexertional limitations present significant limitations. *See Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" the application of the grids is inappropriate).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 13, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge